UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONTE LOFTON,<br><br>          Plaintiff,<br>     v.<br>NEV DEPT OF CORRECTIONS, *et al.*,<br><br>          Defendants. | Case No. 2:21-cv-00244-KJD-BNW<br><br>ORDER |

I.   **DISCUSSION**

On November 1, 2021, this Court entered a screening order staying the case for 90 days and referring the case to the Inmate Early Mediation Program. (ECF No. 12 at 9-10). The screening order stated that "[d]uring this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties may not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the court to do so." (*Id.*) The inmate early mediation conference is scheduled for April 1, 2022. (ECF No. 23).

Plaintiff now files a motion for temporary protective order (ECF No. 22), a motion for immediate transfer from Ely State Prison (ECF No. 24), and a motion for leave to file an amended complaint (ECF No. 25). The Court will address each in turn.

A.   **Motion for temporary protective order (ECF No. 22) & motion for transfer (ECF No. 24)**

In the motion for temporary protective order, Plaintiff is challenges events that took place in 2021 related to chemicals found on mail, his classification status at a maximum-security prison, and body searches. (*See generally* ECF No. 22). Plaintiff seeks to be transferred to a different prison. (*Id.* at 5). In a separate motion, Plaintiff asks to be transferred to a different prison due to retaliation for filing the instant lawsuit, for a correctional officer falsely telling others that Plaintiff is a sex offender, and for being required to shovel snow with holes in his shoes. (*See generally* ECF No. 24).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies the motions for injunctive relief because the Court lacks authority to issue an injunction. "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Plaintiff's complaint raises religion issues taking place in 2019. (*See* ECF No. 13). The allegations in Plaintiff's injunctive relief motions raise new claims that are unrelated to the claims in his complaint. Accordingly, the Court denies the motions because it lacks equitable over the claims.

    **B.**    **Motion for leave to amend (ECF No. 25)**

Plaintiff files a motion to add another claim to his complaint. (ECF No. 25). Although the new claim seems to be related to Plaintiff's original religion claims, the Court denies the motion without prejudice. This case is currently stayed to give Plaintiff an opportunity to settle at mediation with Defendants. If the parties do not settle and after the Court lifts the stay, Plaintiff may amend his complaint under the provisions outlined in Federal Rule of Civil Procedure 15.

If Plaintiff chooses to later amend, he should keep in mind that an amended complaint replaces the complaint, so the amended complaint must be complete in itself.

See *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). This means that the amended complaint must contain all facts and claims and identify all defendants that Plaintiff intends to sue, including the claim(s) found colorable in the earlier complaint.

## II.     CONCLUSION

It is therefore ordered that the motion for temporary protective order (ECF No. 22) and motion for an immediate transfer (ECF No. 24) are denied.

It is further ordered that the motion for leave to amend (ECF No. 25) is denied without prejudice.

DATED THIS __2__ day of March 2022.

_____
UNITED STATES DISTRICT JUDGE