1

2

3

4                          UNITED STATES DISTRICT COURT

5                                DISTRICT OF NEVADA

6                                        * * *

7    DONTE LOFTON,                                    Case No. 2:21-cv-00244-KJD-BNW

8                                       Plaintiff,                    ORDER

9            v.

10   NEVADA DEPARTMENT OF
     CORRECTIONS, et al.,
11

12                                     Defendants.

13        Presently before the Court is Defendant Mary Baker's Motion to Dismiss (#45). The time for

14   filing an opposition has passed, and Plaintiff has not responded.

15        I.        Factual and Procedural Background

16        Plaintiff Donte Lofton ("Lofton"), previously a prisoner in the custody of Nevada

17   Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983,

18   asserting that Parole Board Defendant Mary Baker ("Baker") incorrectly denied Lofton parole.

19   Lofton was seen by the Parole Board on December 26, 2019. (#45-1, at 2). He was denied parole

20   for a variety of reasons, including his prior prison term not deterring future criminal activity, his

21   prior conviction for a violent offense, his repetitive criminal conduct, and his impact on victims

22   and/or community. Id. This denial was unanimous. Id. There is no evidence that Lofton appealed

23   his parole denial.

24        After a mandatory screening, as to Baker, two causes of action remain. (#38). They are

25   individual and capacity claims for First Amendment free exercise of religion under the U.S. and

26   Nevada Constitutions. Id. Lofton asserts that being denied parole was wrong and that Baker

27   should have known that U.S. and Nevada constitutional rights can be exercised while in prison.

28   (#39, at 3). He essentially asserts that because during his parole hearing Baker mentioned that he

1    violated prison rules and procedures, this was a violation of his constitutional rights. Id. at 11. He

2    seeks emotional, compensatory, and punitive damages for each claim. Id. at 12. Baker now asks

3    the Court to dismiss her from this case for failure to state any legal arguments or facts sufficient

4    to raise any legally cognizable claim. (#45, at 5).

5            II.      Motion to Dismiss Legal Standard

6            A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint and authorizes

7    the dismissal of a complaint when there has been a failure to state a claim upon which relief can

8    be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain

9    sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

10   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S.

11   544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has

12   pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable

13   for the misconduct alleged." Id.

14           The Iqbal evaluation illustrates a two-prong analysis. First, the Court identifies "the

15   allegations in the complaint that are not entitled to the assumption of truth," that is, those

16   allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51.

17   Second, the Court considers the factual allegations "to determine if they plausibly suggest an

18   entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims

19   survive the motion to dismiss. Id. at 1950.

20           III.     Analysis

21           The Nevada Legislature has expressly stated that its creation of standards relating to parole

22   does not establish a basis for any cause of action. NRS 213.10705. "[P]arole is an act of grace of

23   the State and there is no cause of action when parole has been denied." Bacon v. State Bd. of

24   Parole Comm'rs, No. 61178, 2013 WL 593809, at *1 (Nev. Feb. 13, 2013) (citing NRS

25   213.10705). "No person has a right to parole or probation, or to be placed in residential

26   confinement, and it is not intended that the establishment of standards relating thereto create any

27   such right or interest in liberty or property or establish a basis for any cause of action against the

28   State, its political subdivisions, agencies, boards, commissions, departments, officers or

1    employees." NRS 213.10705.

2         Lofton has not presented any opposing argument on this matter. In his complaint, he argues

3    that because there was an alleged reference to his violation of prison procedure during the

4    hearing, this amounted to a violation of his constitutional rights. However, Lofton's parole was

5    denied for the aggravated factors as explained above and not because of his violation of any

6    prison rules. Further, because there is no cause of action for denying parole, the Court finds that

7    Lofton's claim against Baker should be dismissed.

8         IV.    Conclusion

9         Accordingly, **IT IS HEREBY ORDERED** that Defendant Mary Baker's Motion to Dismiss

10   (#45) is **GRANTED.**

11        **IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendant

12   Mary Baker and against Plaintiff.

13        DATED this 17th day of March 2023.

14        _____

15        Kent J. Dawson
          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28