UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONTE LOFTON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:21-cv-00244-KJD-BNW<br><br>ORDER |

Presently before the Court is Defendants' Motion for Summary Judgment (#53/55). The time for filing an opposition has passed, and Plaintiff has not responded.

I.　　Factual and Procedural Background

This a pro se prisoner civil rights action brought by Plaintiff Donte Lofton ("Lofton"), asserting claims under 42 U.S.C. § 1983. Lofton brings claims against Defendants Radek Dvorak ("Sgt. Dvorak"), Keith McKeehan ("Sgt. McKeehan"), Brian Williams ("Williams"), and Harold Wickham ("Wickham").

Lofton is a practicing Muslim. (#12-1, at 3). Lofton has alleged that Sgt. Dvorak, who conducts inmate disciplinary hearings, was unprofessional at a hearing after Lofton was disciplined for bartering/trading/lending food, which is a violation of prison rules. Id. Lofton was giving a package of Top Ramen to another Muslim inmate who had no food for breaking fast at sundown during Ramadan. Id. Lofton also alleges that Sgt. McKeehan "made it clear" that neither the Nevada Department of Corrections ("NDOC") nor High Desert State Prison ("HDSP") honored the rights of Muslims or any practices of Islam. Id. at 4. Lofton was found guilty of breaking prison rules, and Williams and Wickham upheld the charge at every level after Lofton appealed. Id.

NDOC has certain regulations that govern what prisoners must do to resolve addressable grievances and claims, and the processes for inmate disciplinary proceedings. (#55-2). NDOC also has specific rules which prohibit inmates from participating in restricted activities such as purchasing, selling, trading, giving, receiving, or possessing items in ways other than what is authorized. (#55-3). Sgt. Dvorak filed a Notice of Charges because of Lofton's violation of prison rules. (#55-7).

After Lofton participated in disciplinary hearings with the Defendants, he filed certain grievances asserting that the Defendants violated his constitutional rights. (#56-6). Sgt. Dvorak did not handle any grievances regarding himself or the disciplinary hearing. (#55-7). As a result of these incidents, Lofton filed suit against them pursuant to 42 U.S.C. § 1983.

After a mandatory screening, Lofton was entitled to proceed on: (1) one First Amendment claim for Free Exercise of Religion against Defendants Dvorak, McKeehan, Williams, and Wickham; (2) a coextensive claim under Article 1, § 4 of the Nevada Constitution against Dvorak, McKeehan, Williams, and Wickham; and (3) one First Amendment retaliation claim against Dvorak. (#38).

Discovery closed on December 27, 2022, and Lofton has not propounded any discovery requests upon Defendants. In fact, Lofton has done nothing to prosecute his case other than file several notices of change of address.

II.     Legal Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See FED. R. CIV. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party.

See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it[.]" Id. at 251. "Where evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that 'issue is inappropriate for resolution on summary judgment.'" Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (quoting Direct Techs., LLC v. Elec. Arts, Inc., 836 F.3d 1059, 1067 (9th Cir. 2016)).

III.   Analysis

**A. Personal Participation**

Liability under § 1983 is only appropriate if there is some affirmative link or connection between a defendant's actions and the claimed deprivation. May v. Enomoto, 633 F.3d 164, 167 (9th Cir. 1980). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the Plaintiff complains.]" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Further, where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act, the defendant cannot be liable under § 1983." Gates v. LeGrand, No. 3:16-cv-00321-MMD-CLB, 2020 WL 3867200, at *5 (D. Nev. Mar. 27, 2020), report and recommendation adopted, No. 3:16-cv-00321-MMD-CLB, 2020 WL 1890540 (D. Nev. Apr. 16, 2020).

Williams and Wickham had no personal participation in the matter. Their only alleged involvement was limited to their roles as grievance responders. This is insufficient to establish their personal participation in the alleged Eighth Amendment violation. Further, Lofton has failed to present any evidence refuting this. Thus, the Court grants summary judgment as to Williams and Wickham.

### B. Free Exercise and Article 1, § 4 Claims

Inmates retain protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). "In general, a Plaintiff will have stated a free exercise claim if: (1) 'the claimant's proffered belief [is] sincerely held; and (2) 'the claim [is] rooted in religious belief, not in purely secular philosophical concerns.'" Walker v. Beard, 789 F.3d 1125, 1138 (9th Cir. 2015). However, "limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives– including deterrence of crime, rehabilitation of prisoners, and institutional security." Id. An inmate "asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015).

Within the prison context, a plaintiff must also demonstrate that prison officials lacked reasonable justification for interfering with his religious exercise. Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008). Courts consider four factors when assessing prison regulations for their reasonableness: (1) the presence of a valid, rational connection between the regulation and stated penological goal; (2) whether alternative means of exercise remain available despite the regulation; (3) the extent of impact upon other inmates and prison staff of the prison's accommodation of the plaintiff's particular religious rite or practice; and (4) the availability of alternative regulations or rules. Id.

The Court finds that Lofton has not demonstrated that prison officials lacked reasonable justification for interfering with his religious exercise. Lofton was found trading property that was not authorized by the prison. Although Lofton had a religious reason for doing so, this did not substantially burden his religious exercise. Lofton could have donated the Top Ramen to the inmate by filling out the proper prison paperwork. Further, there is a rational connection between prohibiting inmates from exchanging property and eliminating prison disputes, crime, violence, and "paying" for extortion, gambling, and theft. Lofton was not prohibited from practicing his religion and allowing him to be the exception of the rule would adversely affect the prison

regulation system. Lofton's disciplinary action for violating prison regulations was not a violation of his First Amendment rights. Lofton has not presented any facts refuting this, and he has not met his burden for summary judgment, and therefore, Defendants' motion is granted on the First Amendment and Article 1 § 4 claims.

### C. Retaliation

Lofton alleges that Sgt. Dvorak retaliated against him for filing a prison grievance. Prisoners have a First Amendment right to file prison grievances and civil lawsuits. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2004). An inmate may establish a First Amendment retaliation claim by proving that "(1)… a state actor took some adverse action against [him] (2) because of (3) [his] protected conduct, and that such action (4) chilled [his] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. at 567-58.

There is no evidence that Sgt. Dvorak retaliated against Lofton. Lofton cannot establish that Sgt. Dvorak wrote the Notice of Charges because Lofton filed a grievance against him. Sgt. Dvorak filed the Notice of Charges because Lofton was found violating prison rules by transferring unauthorized property. The Court's concern when evaluating a motion for summary judgment is whether there exists genuine issues of material fact for a juror to find in favor of the nonmoving party. Lofton has failed to present any evidence that there are any disputed facts. Therefore, summary judgment is granted for Sgt. Dvorak on the retaliation claim.

### IV.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (#55) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 17th day of March 2023.

_____
Kent J. Dawson
United States District Judge